IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA,

      Plaintiff,                                No. CIV 11-0716 GEB CKD

   vs.

DICK EMARD ELECTRIC, INC., et al.,

      Defendants.                          FINDINGS & RECOMMENDATIONS

_____/

        Presently before the court is plaintiff's motion for default judgment. This matter is submitted without oral argument. The undersigned has fully considered the briefs and record in this case and, for the reasons stated below, will recommend that plaintiff's motion for default judgment be granted as to defendant Luke Emard.

        In this action, plaintiff seeks indemnification from the defendant indemnitors on a surety bond under which plaintiff paid claims by subcontractors, laborers, and project owners. Plaintiff also seeks reimbursement under California Civil Code section 2847 as a surety having satisfied the principal obligation on the bond. The record reflects that defendant Luke Emard was properly served with process by personal service on August 22, 2011 and default was

\\\\\

1

entered on September 20, 2012.[1]  Dkt. nos. 18, 21.  Plaintiff thereafter filed a motion for default judgment with a proof of service reflecting service of the motion on defendants.  Plaintiff seeks an entry of default judgment in the amount of $1,289,509.60 plus prejudgment interest from January 1, 2011 at the rate provided under California law, and costs in the amount of $350.

        Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party.  Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977).  The court finds the well pleaded allegations of the complaint state a claim for which relief can be granted.  Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).  The memorandum of points and authorities and affidavits filed in support of the motion for entry of default judgment also support the finding that plaintiff is entitled to the relief in the form of monetary damages requested in the prayer for default judgment, which does not differ in kind from the relief requested in the complaint.  Henry v. Sneiders, 490 F.2d 315, 317 (9th Cir.), cert. denied, 419 U.S. 832 (1974).  The amount sought is supported by the affidavits submitted in support of the motion for default judgment.  Plaintiff also requests prejudgment interest, calculated under California law.  Such calculation is proper in that plaintiff has alleged state law claims upon which judgment may be entered.  See Oak Harbor Freight Lines, Inc. v. Sears Roebuck & Co., 513 F.3d 949, 961 (9th Cir. 2007).  Prejudgment interest should therefore be awarded.  There are no policy considerations which preclude the entry of default judgment of the type requested.  See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986) (factors that may be considered by the court are possibility of prejudice to the plaintiff, merits of plaintiff's

---

[1] It does not appear on the present record that the defendant corporations have been properly served.  The agents for service of process, as reflected in the records of the California Secretary of State, resigned on February 24, 2011 (Dick Emard Elec.) and March 8, 2011 (Emard Development and Emard's Elec.).  The executed summonses indicate an individual name "Bill Porter" was served with the complaint on April 6, 2011 at an address which does not correlate with any of the business addresses listed for the defendant Corporations by the California Secretary of State.  Dkt. nos. 6, 7, 8.  Although the summons indicates "Bill Porter" was "authorized to accept," the court cannot find service here was proper absent further explanation from the process server as to the manner and circumstances of the service.  The defaults against the defendant corporations will therefore be vacated.

substantive claim, sufficiency of the complaint, sum of money at stake in the action; possibility of a dispute concerning material facts; whether the default was due to excusable neglect, and strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits).

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The default entered on May 5, 2011 (dkt. no. 10) is vacated;

2. The motion for default judgment against defendants Dick Emard Electric, Inc., Emard's Electrical Home Technicians, Inc., and Emard Development Corporation is denied without prejudice to its renewal upon a showing of proper service on the defendant corporations; and

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment (dkt. no. 24) against defendant Luke Emard be granted in the amount of $1,289,509.60 plus prejudgment interest from January 1, 2011 at the rate provided under California law, and costs in the amount of $350.

These findings and recommendations are submitted to the United States District Judge assigned to this action, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 27, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
travelers.def